IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-113-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SPENCER LAMONT BRYANT, | ) | |
| | ) | |
| Defendant. | ) | |

On June 17, 2024, Spencer Lamont Bryant ("Bryant" or "defendant") moved pro se for a sentence reduction under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 93]. That same day, Bryant moved for appointment of counsel [D.E. 94]. On January 17, 2025, President Biden commuted Bryant's 210-month sentence to a term of 120 months' imprisonment [D.E. 99]. Bryant's release date is February 4, 2027. See Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc (search by inmate name) (last visited June 22, 2026). On June 2, 2026, the United States responded in opposition to Bryant's motion for a sentence reduction [D.E. 104]. In light of the record, Rutherford v. United States, 146 S. Ct. 1320 (2026), and Fernandez v. United States, 146 S. Ct. 1292 (2026), the court denies Bryant's motions for a sentence reduction and for appointment of counsel.

I.

In April 2011, law enforcement identified Bryant as a cocaine base (crack) supplier in Brunswick County, North Carolina. See Presentence Investigation Report ("PSR") [D.E. 8] ¶8. Between April 2011 and October 2018, Bryant sold a total of 265.66 grams of cocaine base (crack) to a confidential informant on ten occasions. See id. A cooperating defendant told agents that

Bryant had been their main supplier of cocaine base (crack) for ten years. See id. ¶ 9. Another cooperating defendant corroborated Bryant's drug trafficking activities. See id. ¶ 10. During the investigation, Bryant also received a state conviction for assault inflicting serious injury. See id. ¶ 19. In March 2019, agents arrested Bryant and recovered $884 in cash from him. See id. ¶ 11. Bryant is responsible for distributing at least 14 kilograms of cocaine base (crack). See id. ¶ 12.

On March 13, 2019, a federal grand jury in the Eastern District of North Carolina indicted Bryant [D.E. 1]. On August 20, 2019, with a plea agreement, Bryant pleaded guilty to conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack) (count one) and distribution of a quantity of cocaine base (crack) (count two). See PSR ¶ 5; [D.E. 33, 35]. On December 12, 2019, the court sentenced Bryant to 210 months' imprisonment. See [D.E. 44, 50, 51, 56]. On December 9, 2021, after an appeal and an unopposed motion to remand, the court held Bryant's resentencing hearing. See [D.E. 59, 60, 70]; Sent'g Tr. [D.E. 79]. The court calculated Bryant's total offense level to be 33, his criminal history category to be III, and the advisory guideline range to be 168 to 210 months' imprisonment. See Sent'g Tr. 5. After considering the relevant 3553(a) factors, the court sentenced Bryant to 210 months' imprisonment. See id. at 6–12; [D.E. 73, 74].

Bryant appealed. On September 13, 2022, the United States Court of Appeals for the Fourth Circuit affirmed Bryant's conviction and dismissed the remainder of the appeal in light of the appellate waiver in his plea agreement. See [D.E. 81, 82]. On September 11, 2023, Bryant moved to vacate his sentence under 28 U.S.C. § 2255. See [D.E. 84]. On November 20, 2023, the court dismissed Bryant's motion to vacate. See [D.E. 91].

2

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford, 146 S. Ct. 1320. A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable

3

Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 146 S. Ct. at 1330 (citation and quotations omitted). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez, 146 S. Ct. at 1307. "That is a demanding standard." Fernandez, 146 S. Ct. at 1302.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. at 1334–35. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G.

4

§ 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

The court assumes without deciding that Bryant exhausted administrative remedies. Bryant argues that he is no longer a danger to society and that if sentenced today he would be entitled to a two-status-point reduction under Amendment 821 of the United States Sentencing Guidelines. See [D.E. 93] 2–3; [D.E. 93-1] 1; U.S.S.G. app. C, amend. 821; U.S.S.G. § 1B1.10(c). Thus, Bryant asks the court to reduce his sentence to 168 months' imprisonment. See [D.E. 93] 2.

Bryant cites nothing in U.S.S.G. § 1B1.13(b) or any applicable retroactive change to his statutes of conviction. In Rutherford, the Supreme Court held that before examining the section 3553(a) factors concerning a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), "a court must first ensure that a movant is part of the limited class of prisoners who are eligible for such a reduction." 146 S. Ct. at 1333 (cleaned up). "And whether a prisoner is eligible depends on whether he can offer 'extraordinary and compelling' reasons that 'warrant' compassionate release, not on the [section] 3553(a) factors." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "This gatekeeping requirement is not . . . a free-for-all." Id. "It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release." Id.

Bryant fails to demonstrate that extraordinary and compelling reasons support reducing his sentence. As for his status-point argument, any disparity created by section 1B1.10 now authorizing a court to reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) using Amendment 821 is not an extraordinary and compelling reason under 18 U.S.C.

5

§ 3582(c)(1)(A)(i) or U.S.S.G. § 1B1.13(b). See Rutherford, 146 S. Ct. at 1330; Fernandez, 146 S. Ct. at 1302–07. Moreover, to the extent Bryant relies on rehabilitation, Bryant's rehabilitation alone is not an extraordinary and compelling reason. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9. Even if it was, Bryant has sustained two conduct violations since May 2024 for possessing a hazardous weapon and disruptive conduct. See [D.E. 104] 3. Furthermore, President Biden's January 2025 clemency grant reduced Bryant's sentence to 120 months' imprisonment, which is below the 168-month term that Bryant requests from the court.

Bryant has failed to demonstrate "that extraordinary and compelling reasons warrant" compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i); see Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1300–05. Thus, the court denies Bryant's motion for a sentence reduction.

Alternatively, even if Bryant demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b), the section 3553(a) factors counsel against granting Bryant's motion. See Concepcion, 597 U.S. at 499–502; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. The court has considered the entire record, the section 3553(a) factors, Bryant's arguments, and the government's persuasive response. The court also has considered the need to punish Bryant for his serious criminal behavior, to incapacitate Bryant, to promote respect for the law, to deter others, and to protect society from Bryant. Given the entire record, the court denies Bryant's motion for a sentence reduction. See, e.g., Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1302–07; Concepcion, 597 U.S. at 498–501; Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper, 562 U.S. at 480–81; Washington, 161 F.4th at 820–24; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th

6

816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

## III.

In sum, the court DENIES defendant's motions for a sentence reduction [D.E. 93] and for appointment of counsel [D.E. 94].

SO ORDERED. This 22 day of June, 2026.

JAMES C. DEVER III
United States District Judge